IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGARET DEVLIN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-6081 |
| | : | |
| **WARDEN ARTHUR BLACKMON, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                                                     June 25, 2007

Plaintiff Margaret Devlin ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 (" 1983") against Warden Arthur Blackmon, Lt. James Adams, Correctional Officer Jerome Barmore, and Prisoner Kevin Hayward[1] ("Defendants"), alleging that she has been retaliated against for exercising her First Amendment rights. Now before the Court is Defendants' Motion for Summary Judgment.[2] For the reasons that follow, Defendants' Motion will be granted.

**I. BACKGROUND**

Plaintiff has been employed as a Correctional Officer with the Philadelphia Prison System since October 31, 1989. See Deposition of Margaret Devlin ("Devlin Dep.") at 10, attached to Defendants' Motion for Summary Judgment at Exhibit A. From 2001 until July 1, 2005, she worked in the Visitor Area of the Philadelphia Detention Center ("PDC"). Id. at 17. On June 14, 2005, Plaintiff observed a birthday cake in the women's locker room at the PDC. Id. at 19. She learned later in the day that the cake had been brought in by Correctional Officer Barmore ("Barmore") for Prisoner Hayward ("Hayward"), and, therefore, was contraband. Id. at

---

[1]     Plaintiff has not served Defendant Hayward with the Complaint.

[2]     Only Defendants Blackmon, Adams, and Barmore have moved for summary judgment. However, as will be discussed infra, the Court finds that Plaintiff did not engage in protected speech. Therefore, summary judgment is appropriate with respect to Defendant Hayward as well.

1

19-20.  Plaintiff failed to seize the cake or report the incident to anyone in her chain of command that day.  Id. at 21.

On July 1, 2005, Plaintifff reported the cake incident to Warden Blackmon ("Blackmon"), and filed a written report.  Id. at 23, 30; Deposition of Arthur Blackmon ("Blackmon Dep.") at 26, attached to Defendants' Motion for Summary Judgment at Exhibit D.  After speaking with Plaintiff, Blackmon asked Lieutenant Adams ("Adams") to investigate the incident.  Blackmon Dep. at 33-34.  Following the investigation, Blackmon transferred everyone who worked in the Visitor Area because he "didn't have any confidence in that staff ... any longer."  Id. at 34-36.  He lost confidence in Plaintiff even though she made the report because it is an officer's "responsibility to immediately report any type of wrongdoing to their immediate supervisor and that didn't happen in this case."  Id. at 37.  Plaintiff alleges that her transfer, along with certain other incidents involving work assignments and vacation days, were retaliation for reporting the cake incident.  She filed the instant action on November 21, 2005.

## II. LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law."  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "there

can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

## III. ANALYSIS

In order to make a prima facie case under § 1983, a plaintiff must show that a person acting under color of law deprived her of a federal right.[3] Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). Plaintiff alleges that she has been retaliated against for exercising her First Amendment right to free speech. "A public employee alleging that [her] employer retaliated against [her] for exercising her right to free speech must establish three elements to successfully oppose a motion for summary judgment." Matsey v. Westmoreland County, 185 Fed. Appx. 126, 133 (3d Cir. 2006) (citations omitted). First, she must "establish that [her] speech was protected." Id. Second, she must "demonstrate that [she] suffered some adverse employment action by [her] employer." Id. Finally, she must "prove that [her] protected speech was a substantial or motivating factor for the adverse employment action." Id.

---

[3] 42 U.S.C. § 1983 states in part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

In order to establish that she engaged in protected speech, Plaintiff must demonstrate that she spoke as a citizen on a matter of public concern, and that her interest in speaking on the matter outweighs the Government's interest in suppressing her speech.  <u>Pickering v. Board of Educ. Of Twp. High Sch. Dist. 205, Will County</u>, 88 S. Ct. 1731, 1734 (1968); <u>see also</u> <u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951, 1958 (2006) (citing <u>Pickering</u>).  A "matter of public concern" is one that can "be fairly considered as relating to any matter of political, social, or other concern to the community."  <u>Green v. Philadelphia Housing Auth.</u>, 105 F.3d 882, 885-86 (3d Cir. 1997) (quoting <u>Connick v. Myers</u>, 103 S.Ct. 1684, 1690 (1983)).  However, the Supreme Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  <u>Garcetti</u>, 126 S. Ct. at 1960.  Moreover, "[c]ourts have given law enforcement agencies wide latitude to regulate an employee's speech when that speech impacts on areas such as discipline, morale, harmony, uniformity, and trust in the ranks."  <u>See</u> <u>Ober v. Evanko</u>, 80 Fed. Appx. 196, 201 (3d Cir. 2003) (citations omitted).

In this case, Plaintiff does not dispute that the prison has rules prohibiting contraband (such as cake) in the Visitor Area, and that one of her job duties is to report such contraband if she sees it.  <u>See</u> Devlin Dep. at 28; <u>see also</u>, Philadelphia Prisons Policies and Procedures, Policy Number 3.A.17.2, "The Disposition of Contraband," attached to Defendants' Motion for Summary Judgment at Exhibit C.  However, according to Plaintiff, "her report to the Warden, although referencing only a single incident of illegal contraband coming into the prison, implicated a ... wider issue, and the Defendants knew it."  Plaintiff's Opposition at 5.  She argues that it is not one of her job duties to "ferret out and report corruption in the prison," and that the

retaliation against her took place because her report "implicated a longstanding pattern of possible illegal activities occurring in the prison." Id. at 3.

Plaintiff's argument fails to create a genuine issue of material fact. She has not offered any evidence that she reported other misconduct at the time she reported the cake incident.[4] Her general assertions that Defendants somehow "knew" that she was reporting the cake incident as part of an alleged larger overall pattern of corruption in the prisons are insufficient to create a genuine issue of material fact. See Bellamy v. Best Nest, Inc., 2002 WL 32348284, at *3 n.8 (E.D. Pa. July 3, 2002) ("To defeat Defendants' motion, [Plaintiff] must point to specific facts in the record to support her claims, rather than rely on general assertions"). Moreover, Plaintiff admits that she reported the cake incident to Blackmon as part of her duty as an employee of the Philadelphia Prison System. Devlin Dep. at 66. Accordingly, since her report was made as part of her duties as a police officer, she has failed to establish that she engaged in "protected speech," and summary judgment will be granted.[5] See, e.g., Garcetti, 126 S.Ct. 1951 (granting summary judgment where a deputy district attorney, exercising his job duties, was transferred after preparing a report critical of certain law enforcement personnel); Sigsworth v. City of Aurora, Illinois, 2007 WL 1518536 (7th Cir. May 25, 2007) (granting summary judgment where police officer reported alleged misconduct by colleagues pursuant to his normal job duties).

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion for Summary Judgment will be granted. An appropriate order follows.

---

[4] Blackmon testified that Plaintiff did not report any misconduct to him other than the cake incident. Blackmon Dep. at 57.

[5] Because Plaintiff has not established that she engaged in "protected" speech, the Court need not address the other elements of a First Amendment retaliation claim.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGARET DEVLIN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-6081 |
| | : | |
| **WARDEN ARTHUR BLACKMAN, et al.** | : | |

### ORDER

**AND NOW**, this 25th day of June, 2007, upon consideration of Defendants' Motion for Summary Judgment (docket no. 15) and Plaintiff's Opposition thereto (docket no. 20), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, the Clerk of the Court shall mark this case **CLOSED**.


BY THE COURT:


 /s/ Bruce W. Kauffman

BRUCE W. KAUFFMAN,  J.